## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

    v.

Sellers

October 20, 1987

Case No. F-9051

By JUDGE ALFRED D. SWERSKY

This case is before the Court on Defendant's discovery requests and objections to discovery by the Commonwealth. These were matters taken under advisement on September 24, 1987.

With respect to Defendant's request for the statements of witnesses as set forth in Request 1(J), the Commonwealth should produce seven days before trial any written statement signed or ratified by any Commonwealth witness. This does not direct the Commonwealth to produce any police report nor any police summaries of interviews of witnesses unless such summary has been reviewed and ratified or signed by the witness.

Next, the Commonwealth has agreed to furnish the names and addresses of all individuals questioned by its agents; however, it conditions its agreement on furnishing the names and addresses of its witnesses upon the Defendant being ordered to furnish the names and addresses of witnesses he intends to call.

The Commonwealth argues that since the discovery rules in criminal cases do not provide the Defendant access to the names and addresses of witnesses, it has a right to condition its disclosure of such information upon the Defendant doing likewise.

114

It has long been the policy in this circuit to encourage and, even upon occasion, to order the Commonwealth to disclose its witnesses. This policy has been of minimal impact on the Commonwealth particularly in view of Code of Virginia, § 19.2-267, requiring the filing of a list of witnesses summoned by the Commonwealth. Never has this Court conditioned this disclosure on disclosure of the Defendant's witnesses and the Court declines to do so now.

However, this ruling should not be construed to mean that such a conditional disclosure will never be ordered. The Commonwealth may, upon a proper showing of necessity in an appropriate case, request the Court to condition such disclosures.